IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.U.[1],

          Plaintiff,

v.                                                                                 Case No. 24-2538-JWB

FRANK BISIGNANO,
Commissioner of Social Security,[2]

          Defendant.

**MEMORANDUM AND ORDER**

Plaintiff filed this action for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income. The matter is fully briefed and is ripe for decision. (Docs. 9, 14.)[3] For the reasons stated herein, the decision of the Commissioner is AFFIRMED.

**I.   Standard of Review**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The Commissioner's decision will be reviewed to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence as a

---

[1] Plaintiff's initials are used for privacy concerns.
[2] Frank Bisignano was confirmed by the U.S. Senate to lead the Social Security Administration ("SSA") on May 7, 2025, during the pendency of this case. S*ee Financial Services Industry Leader Frank Bisignano to be the 18th Commissioner of Social Security*, SSA, https://www.ssa.gov/news/en/press/releases/2025-05-07.html (last visited Sept. 9, 2025). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Leland Dudek as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
[3] Plaintiff did not file a reply brief and the time for doing so has now passed.

reasonable mind might accept to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  *Glenn*, 21 F.3d at 984.

The Commissioner has established a five-step sequential evaluation process to determine disability.  20 C.F.R. § 416.920; *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he is not working at a "substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  At step two, the agency will find non-disability unless the claimant shows that he has a severe impairment.  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  *Id*. at 751.  If the claimant's impairment does not meet or equal a listed impairment, the agency determines the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.945. The RFC assessment is used to evaluate the claim at both steps four and five.  *Id*.  At step four, the agency must determine whether the claimant can perform previous work.  If a claimant shows that he cannot perform the previous work, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine

whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).

The claimant bears the burden of proof through step four of the analysis. *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. *Id.*; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. *Thompson*, 987 F.2d at 1487 (citations omitted).

## II. Background

On June 2, 2021, Plaintiff filed an application for supplemental security income, alleging disability beginning January 1, 2013. (Tr. at 6.)[4] Plaintiff filed a request for a hearing after the claim was initially denied and denied again upon reconsideration. A hearing was held on July 20, 2023. Plaintiff appeared at the hearing with his mother. Denise Waddell, an impartial vocational expert, also appeared and testified at the hearing.

Plaintiff was 39 years old when he claimed that he became disabled. Plaintiff has a juris doctorate degree from the University of Kansas Law School, and he passed the Missouri bar examination in 2007. Plaintiff has no formal work history after he graduated from law school in 2007.

On October 26, 2023, the ALJ denied Plaintiff's claim. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 2, 2021. (Tr. at 11.) At step two, the ALJ found Plaintiff had the following severe impairments: depressive disorder, social anxiety, panic attacks, obsessive-compulsive disorder (OCD), and Asperger's/Autism Spectrum Disorder. (Tr. at 12.) At step three, the ALJ found that none of Plaintiff's impairments, alone or

---

[4] Citations to "Tr." refer to the Bates' numbering in the administrative transcript. (Doc. 7.)

in combination, met or medically equaled any of the presumptively disabling impairments listed in the regulations. (*Id.*)

The ALJ determined that Plaintiff has the RFC to perform a full range of work at all exertional levels. The RFC included the following limitations:

> [Plaintiff] is able to apply common sense understanding to carry out detailed, but uninvolved, instructions in the performance of simple, routine, and repetitive tasks, in a work environment free of fast paced production requirements, involving only simple, work-related decisions, with few, if any, workplace changes. He should have no interaction with the general public, occasional interaction with coworkers, and frequent interaction with supervisors.

(Tr. at 14.)

Plaintiff had no past relevant work for the ALJ to consider at step four. At step five, the ALJ determined that Plaintiff could perform work at all exertional levels, including positions such as collator operator, price marker, and router, which exist in significant numbers in the national economy. (Tr. at 18.) Accordingly, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act.

**III.   Analysis**

Plaintiff argues that the ALJ's decision must be reversed because there is not substantial evidence to support the RFC, the ALJ ignored medical evidence, and the ALJ improperly evaluated Plaintiff's credibility in making the findings. (Doc. 9.) The Commissioner responds that substantial evidence supports the ALJ's RFC and ultimate conclusions. (Doc. 14.)

The ALJ discussed Plaintiff's mental health impairments in his decision. Plaintiff asserted that he was unable to perform any basic mental work activities due to social anxiety. Plaintiff further stated that his depression caused irritability, anger, and low motivation. Plaintiff testified that with medications he has one to two panic attacks per month and without medications he would have two to three panic attacks a week. (Tr. at 15.) The ALJ considered Plaintiff's subjective

4

statements but determined that the statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence. (*Id.*)

The ALJ reviewed the medical evidence. The records show that Plaintiff told mental health providers he was doing well on medication. He had a euthymic mood and appropriate affect during visits although there were instances of intermittently poor eye contact in the record. (*Id.*) In September 2021, Plaintiff's psychologist and student therapist indicated that he could be quite reactive to stressors. He had positive results in his individual therapy, and in 2022 he reported increased positive social interactions and improved emotional regulation. Notably, providers suggested that he terminate services, but Plaintiff was hesitant due to the impact on his ability to obtain disability benefits. (Tr. at 469, 471, 486.) The ALJ concluded that the discharge from care is inconsistent with disabling psychological limitations.

Plaintiff's medication provides relief from his symptoms and, as of May 2023, the records show that Plaintiff exhibited good to fair insight and judgment, an intact thought process, clear speech, fair impulse control, and normal psychomotor activity despite a depressed and anxious mood. (Tr. at 15, 644, 648.) Other records show that his coping skills can decay at times. (Tr. at 486.) The ALJ concluded that Plaintiff's mental impairments have a moderate effect on his ability to perform basic mental work activities.

Plaintiff's daily living activities also supported the ALJ's conclusion that Plaintiff's mental impairments were not disabling. Plaintiff reported that he performed household chores several hours a week, could cook meals, shop weekly, manage his finances, and drive himself without anxiety. (Tr. at 16.) This was in direct contravention to Plaintiff's mother's report that Plaintiff has the mental capacity of a two or three year old child. (*Id.*) Plaintiff also engaged in online social activities without anxiety and attended a festival. Ultimately, the ALJ determined that

Plaintiff's allegations were not fully consistent with the evidence. The ALJ accommodated Plaintiff's moderate difficulties by limiting him to simple, work-related decisions. The ALJ further accommodated Plaintiff's social anxieties by limiting him to only occasional interaction with coworkers and no interaction with the general public. (*Id.*)

Plaintiff first argues that the ALJ failed to consider evidence that demonstrated Plaintiff's disability. Plaintiff asserts that the medical records show that his mental impairment is severe and not moderate. Plaintiff does not contend that the ALJ's citation of the record in the decision was incorrect; rather, Plaintiff cites to other records in support of his decision that he is disabled. Plaintiff essentially asks the court to reweigh the evidence. This the court cannot do. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("We consider whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' but we will not reweigh the evidence or substitute our judgment for the Commissioner's.").

Further, Plaintiff criticizes the ALJ for not discussing all the information in the medical records. The ALJ does not need to address every statement in the medical records to perform his review. *See Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). The record must merely demonstrate that the ALJ considered all of the evidence; it does so here. *Id.* Plaintiff also asserts the ALJ failed to "mention that [Plaintiff's] eye contract [sic] was intermittently poor." (Doc. 9 at 5.) The ALJ did, however, discuss that the record showed instances of poor eye contact. (Tr. at 15.)

Plaintiff also asserts the ALJ erred in assessing his credibility based on his daily activities and asserts that his attendance at a festival and participation in online activities is not a basis to conclude that he is only moderately limited in social interaction. (Doc. 9 at 7.) The ALJ, however, also noted that the medical evidence showed that Plaintiff was engaging in more social activities,

6

including engaging with someone he spontaneously met in person. (Tr. at 15, 17, 486.) The medical records also support a finding that Plaintiff was engaging in more social activities. (Tr. at 471.) Based on the record, the ALJ determined that Plaintiff's daily activities were inconsistent with a disabling mental impairment. Further, the ALJ explained how the alleged severity of symptoms was inconsistent with the record and Plaintiff's treatment improved his symptoms. The court finds that the ALJ's determination regarding Plaintiff's limitations and his credibility is supported by substantial evidence. *See Bainbridge v. Colvin*, 618 F. App'x 384, 388 (10th Cir. 2015) (discussing that the ALJ's reasoning for not finding the plaintiff fully credible was supported by the record). Moreover, regarding Plaintiff's alleged limitations in his daily activities, the ALJ's findings are supported by the record. Plaintiff's arguments in his brief amount to a request that the court review all of the records to come to the conclusion that he has disabling limitations. Although there may be evidence in the record to support Plaintiff's claim of a disabling limitation, the court may not "displace the agency's choice between two fairly conflicting views" when substantial evidence supports the ALJ's decision. *Lax*, 489 F.3d at 1084. The court finds the ALJ properly considered the evidence in the record and the decision is supported by substantial evidence.

      Finally, Plaintiff makes a reference to the questioning of the vocational expert at the hearing. Plaintiff's argument on this point is not clear. It appears that Plaintiff is taking issue with the RFC determination. The court has already determined that the RFC is supported by substantial evidence. To the extent that Plaintiff asserts error in the hypothetical questions posed to the expert, the record shows that the ALJ posed questions based on Plaintiff's RFC. (Tr. at 51–56.) Therefore, the opinions as to Plaintiff's ability to perform those jobs supports the ALJ's finding at step 5.

**IV.     Conclusion**

The final decision of the Commissioner denying Plaintiff's application for benefits is AFFIRMED.  The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.  Dated this  9th day of  2025.

                                                  _____s/ John W. Broomes_____
                                                  JOHN W. BROOMES
                                                  CHIEF UNITED STATES DISTRICT JUDGE